**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| EDWIN C. BEASLEY, II, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:04-CV-173 CAS |
| STATE OF MISSOURI, DEPARTMENT OF REVENUE, | ) |
| Defendant, | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss. Plaintiff did not file a response to the motion. The Court will grant the motion and dismiss the case for the reasons set forth below.

**I.  BACKGROUND**

In his pro se complaint[1] plaintiff Edwin Beasley claims that the Missouri Department of Revenue ("DOR") improperly assessed points on his driving record following his bankruptcy. He seeks an order from the Court removing the disputed points from his driving record. Beasley named the DOR as a defendant.

The DOR now moves to dismiss for failure to state a claim and for lack of subject matter jurisdiction. The DOR maintains that it is unclear from the complaint what rights plaintiff alleges were violated by defendant, and that the complaint fails to reference any constitutional deprivation at all. Plaintiff did not file a response to the motion.

---

[1] Beasley also filed "supplements" to his original complaint. (Docs. 5, 6, 17.)

## II. DISCUSSION

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. A complaint shall not be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of her claim. Id.; see also Neitzke v. Williams, 490 U.S. 319, 327 (1989). When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff. Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir.), cert. denied, 540 U. S. 825 (2003). The Court is, however, "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 870 (8th Cir. 2002).

"At a minimum, however, a complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations." Hanten v. School Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999) (quoting Springdale, 133 F.3d at 651). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." Silver v. H&R Block, Inc., 105 F.3d 394, 397 (8th Cir. 1997).

A motion to dismiss should not be granted merely because a complaint does not state with precision every element of the claim necessary for recovery. Roberts v. Walmart Stores, Inc., 736 F. Supp. 1527, 1528 (E.D. Mo. 1990). "A complaint is sufficient if it contains allegations from which an inference can be drawn that evidence on these material points will be introduced at trial." Id. (internal quotations and citation omitted). In the section 1983 context, however, complaints seeking

damages against government officials are subject to a heightened standard of pleading with sufficient precision required to put defendants on notice of the nature of the claim. Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 779 (8th Cir. 1995); Brown v. Frey, 889 F.2d 159, 170 (8th Cir. 1989), cert. denied, 493 U.S. 1088 (1990).

Therefore, a motion to dismiss a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief. Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).

Pro se pleadings are to be liberally construed and are held to less stringent standards than those drafted by an attorney. Smith v. St. Bernards Reg'l Med. Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994). Nevertheless, they must not be conclusory and must state specific facts which, when taken as true, state a claim as a matter of law. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985); Johnson v. Stark, 717 F.2d 1550, 1552 (8th Cir. 1983) (citations omitted). Further, in the section 1983 context, complaints seeking damages against government officials are subject to a heightened standard of pleading with sufficient precision required to put defendants on notice of the nature of the claim. Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 779 (8th Cir. 1995); Brown v. Frey, 889 F.2d 159, 170 (8th Cir. 1989), cert. denied, 493 U.S. 1088 (1990).

The Court first notes that "the absence of a response to a dispositive motion does not relieve the Court of its duty to consider the motion on the merits." Country Club Estates, L.L.C. v. Town of Loma Linda, 213 F.3d 1001 (8th Cir. 2000). The Court also notes that Beasley does not indicate in his complaint what federal statute has been violated or what constitutional rights are being violated.

The Court will construe the complaint as asserting a violation of 42 U.S.C. § 1983. The Court finds that Beasley has failed to allege any facts which comprise a constitutional violation in his complaint, as opposed to vague and "conclusory allegations of law and unwarranted inferences." Silver, 105 F.3d 394, 397 (8th Cir. 1997). The facts which are alleged simply do not appear to rise to the level of constitutional violations. Therefore the Court will grant the DOR's motion and dismiss the complaint. The Court need not address the DOR's argument that subject matter jurisdiction does not exist.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss for failure to state a claim is **GRANTED.** (Doc. 14)

      **CHARLES A. SHAW**
      **UNITED STATES DISTRICT JUDGE**

Dated this 12th day of September, 2005.